UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARRYL DOMINIC WOODFORD, | |
| | Civil Action No. 23-13107 |
| Plaintiff, | |
| | F. Kay Behm |
| v. | United States District Judge |
| | |
| GENESEE COUNTY JAIL, DEPUTY | David R. Grand |
| CHITTICK, and DEPUTY ROBBINS, | United States Magistrate Judge |
| | |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 19)**

**I.    REPORT**

On December 7, 2023, plaintiff Darryl Dominic Woodford ("Woodford"), an incarcerated person, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants the Genesee County Jail ("GCJ") and GCJ Deputies Chittick and Robbins (collectively, "Defendants"). (ECF No. 1).

In his complaint, Woodford alleges that Defendants violated his right to equal protection under the Fourteenth Amendment, violated the GCJ's protective custody "status/procedures," and were deliberately indifferent to his safety in violation of the Eighth Amendment when they allowed individuals in protective custody to be "let out" at the same time as general population inmates. (*Id.*, PageID.4-6).  An Order of Reference was entered on February 14, 2024, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b).  (ECF No. 8).

Now before the Court is Woodford's Motion for Default Judgment, which was filed on June 5, 2024. (ECF No. 19). In his motion, Woodford argues that he is entitled to a default judgment because Defendants did not file a timely response to his complaint. (*Id.*, PageID.118-19). On June 25, 2024, Defendants filed a response to Woodford's motion, arguing that a default judgment should not be entered because they were not required to file a response pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. (ECF No. 21, PageID.125-126). Defendants also argue that although they were not required to do so, they filed a timely motion to dismiss Woodford's complaint. (*Id.*, PageID.126). The Court finds merit to both arguments.

First, because this case is governed by the PLRA, Defendants were not required to answer or otherwise respond to Woodford's complaint unless and until the Court ordered them to do so. The relevant section of the PLRA provides as follows:

> (g) Waiver of reply
>
> (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
>
> (2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C. § 1997e(g). "While the Court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits, until such time as this happens, none of the defendants in [a prisoner civil

2

rights case] are obligated to answer the complaint." *Boling v. Corrs. Med. Serv.*, No. 07-11752, 2007 WL 2515222, at *1 (E.D. Mich. Aug. 31, 2007) (internal quotations and citations omitted). Thus, because the Court has not ordered Defendants to respond to Woodford's complaint, they had no obligation to do so, and a default judgment against them is unwarranted.[1] *See* 42 U.S.C. § 1997e(g)(2).

Second, the Court notes that although Defendants were not required to do so, they filed a timely response to Woodford's complaint, in the form of a motion to dismiss. Specifically, even taking as true Woodford's assertion that the complaint was served on Defendants on February 14, 2024, "making the first responsive pleading to Plaintiff's complaint due April 14, 2024" (ECF No. 19, PageID.118), the Court notes that April 14, 2024 was a Sunday. Thus, a response (if one was required) would have been due on or before April 15, 2024, pursuant to Rule 6(a)(1)(C) ("When the period [to complete an action under the Rules] is stated in days … include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). Defendants' Motion to Dismiss was timely filed on April 15, 2024. Thus, this is yet another reason Woodford's motion for default judgment should be denied.

---

[1] Furthermore, Woodford's motion for default judgment is procedurally inappropriate. Fed. R. Civ. P. 55(a) states that a clerk must enter the party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[.]" Fed. R. Civ. P. 55(b) requires an entry of a default as a prerequisite to entry of a default judgment. *See Lewis v. Detroit Pub. Sch.*, No. 12-11851, 2013 WL 5785777, at *2 (E.D. Mich. May 6, 2013). The Sixth Circuit has held that it is procedurally improper for a party to move for entry of a default judgment prior to seeking entry of a default from the Clerk of Court. *Heard v. Caruso*, 351 F. App'x 1, 16 (6th Cir. 2009). Here, there is no indication on the docket that defaults have been entered by the Clerk of Court against any of the Defendants.

## II.     RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Woodford's Motion for Default Judgment **(ECF No. 19)** be **DENIED**.

Dated: September 25, 2024                     s/David R. Grand
Ann Arbor, Michigan                        DAVID R. GRAND
                                                             United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir.1981).  The filing of objections that raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

4

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 25, 2024.

                                              s/Eddrey O. Butts
                                              EDDREY O. BUTTS
                                              Case Manager