UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL DOMINIC WOODFORD,

            Plaintiff,

v.

GENESEE COUNTY JAIL, DEPUTY
CHITTICK, and DEPUTY ROBBINS,

            Defendants.

_____/

Civil Action No. 23-13107

F. Kay Behm
United States District Judge

David R. Grand
United States Magistrate Judge

### REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS (ECF No. 10)

On December 7, 2023, plaintiff Darryl Dominic Woodford ("Woodford"), an incarcerated person, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). At the time of the events at issue in his complaint, Woodford was confined at the Genesee County Jail ("GCJ") in Flint, Michigan. (*Id.*, PageID.2).

In his complaint, Woodford brings claims against the GCJ and GCJ Deputies Chittick and Robbins[1] (collectively, "Defendants") in their official capacities, alleging that they violated his right to equal protection under the Fourteenth Amendment, violated the GCJ's protective custody "status/procedures," and were deliberately indifferent to his safety in violation of the Eighth Amendment when they allowed individuals in protective custody to be "let out" at the same time as general population inmates. (*Id.*, PageID.2-6).

---

[1] Woodford brings suit against Deputies Chittick and Robbins in their official capacities. (ECF No. 1, PageID.3).

An Order of Reference was entered on February 14, 2024, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b). (ECF No. 8).

Now before the Court is Defendants' Motion to Dismiss, which was filed on April 15, 2024. (ECF No. 10). Woodford filed a response to this motion on June 5, 2024 (ECF No. 18), and Defendants filed a reply on June 19, 2024 (ECF No. 20).

Generally, the Court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* E.D. Mich. LR 7.1(f). Here, the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss **(ECF No. 10)** be **GRANTED**.

**II.    REPORT**

**A.    The Allegations in Woodford's Complaint**

According to Woodford, on several occasions between November 5, 2023, and December 2, 2023, when he was in voluntary protective custody at the GCJ, Deputies Chittick and Robbins placed him – along with several other protective custody inmates – with general population inmates. (ECF No. 1, PagID.6-8). Woodford alleges that these actions violated his protective custody "contract" and his equal protection rights. (*Id.*, PageID.4, 5). He also claims that the deputies demonstrated deliberate indifference to his safety. (*Id.*, PageID.4). Woodford admits in his complaint that he did not suffer any injuries as a result of the actions at issue; however, he seeks "compensation for the

irresponsibility and risk" allegedly created by Defendants, as well as the "stress and damage they [] inflicted on [his] mental status …." (*Id.*, PageID.10).

In moving to dismiss Woodford's complaint, Defendants argue that: (1) Woodford's claims against the GCJ should be dismissed because the GCJ is a non-judicial entity that cannot be sued; and (2) Woodford's official capacity claims against Deputies Chittick and Robbins should be dismissed because Woodford has not alleged that they acted pursuant to a policy or custom resulting in a violation of his constitutional rights.[2] (ECF No. 10). For the reasons set forth below, the Court finds merit to both of these arguments.

**B.  Standard of Review**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable

---

[2] Defendants raise additional arguments in their motion to dismiss, including failure to exhaust and failure to state an equal protection claim. Because the Court is recommending dismissal on the bases articulated herein, however, it need not discuss these arguments in detail.

3

expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, a reviewing court must accept the factual allegations in the complaint as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Furthermore, a court is not required to "create a claim which [a plaintiff] has not spelled out in his pleading[.]" *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). But, "[t]he leniency granted to pro se [litigants] ... is not boundless[,]" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead facts sufficient to show a redressable legal wrong has been committed." *Baker v. Salvation*

4

*Army*, No. 09-11424, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

### C. Analysis

#### 1. Woodford's Claims Against the GCJ

In his complaint, Woodford pleads civil rights claims against the GCJ pursuant to 42 U.S.C. § 1983. Section 1983 imposes liability on any "person" who violates an individual's federal constitutional or statutory rights. It is well-settled that county jails are not legal entities amenable to suit under 42 U.S.C. § 1983. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002); *Cage v. Kent Cty. Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) ("The district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983."); *Von Ehl v. Saginaw Cty. Jail*, No. 18-11453, 2018 WL 2984662, at *2 (E.D. Mich. June 14, 2018) ("It is well-settled that county jails, sheriff departments, and other governmental agencies are not legal entities subject to suit under 42 U.S.C. § 1983.") (citing cases); *Lee v. St. Clair Cty. Drug Task Force*, No. 16-14364, 2017 WL 2501063, at *2 (E.D. Mich. June 9, 2017) (holding that county jails "are not entities subject to suit under § 1983"); *Edwards v. Jail*, No. 16-11596, 2016 WL 2937146, *2 (E.D. Mich. May 20, 2016) (citing cases and ruling that county jails, sheriff departments, and other governmental agencies are not legal entities amenable to suit under § 1983)). Accordingly, Woodford's § 1983 claims against the GCJ should be dismissed.

#### 2. Woodford's Claims Against Deputies Chittick and Robbins

Woodford also has asserted civil rights claims against Deputies Chittick and Robbins in their official capacities. (ECF No. 1, PageID.3). However, an official sued in

his official capacity is not a "person" within the meaning of Section 1983. *See Hawks v. Jones*, 105 F. Supp. 2d 718, 722 (E.D. Mich. 2000) (citing cases). Instead, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agency represents." *Id.* at 722-23 (internal quotation marks omitted). Therefore, Woodford's official capacity claims against Deputies Chittick and Robbins must be evaluated under the standards applicable to the public entity they represent – i.e., Genesee County.

The law is clear that a municipality may be subject to liability under § 1983 only when its official policy or custom directly causes the plaintiff's injury. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). To establish municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). Here, Woodford failed to identify any municipal policy or custom that allegedly injured him. (ECF No. 1). Instead, he alleged only that Defendants Chittick's and Robbins' actions violated his protective custody "contract." (*Id.*, PageID.5). Thus, rather than alleging that he was injured as a result of Defendants' execution of an *illegal policy*, Woodford alleged just the opposite – namely, that Defendants Chittick and Robbins violated the GCJ's *lawful* protective custody policies and procedures when they allowed him to mingle with general population inmates. (*Id.*, PageID.4). Because Woodford failed to allege that he was injured as a result of one of

Genesee County's policies or customs,[3] he cannot maintain official capacity claims against Defendants Chittick or Robbins. Therefore, these claims should be dismissed.

## III.  CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss **(ECF No. 10)** be **GRANTED**.[4]

Dated: September 25, 2024                                              s/David R. Grand
Ann Arbor, Michigan                                                          DAVID R. GRAND
                                                                                         United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir.1991);

---

[3] To the extent that the Protective Custody Request Form attached to Woodford's complaint (ECF No. 1, PageID.7) could be deemed a "policy," as Woodford appears to assert in his response brief (ECF No. 18, PageID.106-07) – which is doubtful – that form was not the moving force behind the alleged constitutional violation. Indeed, Woodford's allegations of civil rights violations stem not from the protective custody "policy" but the alleged actions taken *contrary* to it. A policy cannot be said to be the motivating force behind a constitutional violation when it is only the *violation* of the policy, rather than its execution, that supposedly causes the constitutional violation. *See Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) ("This circuit has stated that to satisfy the Monell requirements a plaintiff must identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred *because of the execution of that policy*.") (internal quotation marks omitted, emphasis added).

[4] The Court notes that a similar action with a nearly identical complaint was dismissed *sua sponte* by the Honorable Stephen J. Murphy, III on January 10, 2024. *See* Docket No. 23-13286, ECF No. 5.

*United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir.1981). The filing of objections that raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 25, 2024.

                                                    s/Eddrey O. Butts
                                                    EDDREY O. BUTTS
                                                    Case Manager